673 S.E.2d 841

**Peter L. PROCTOR, Appellant,**

v.

**Teresa SPIRES, Respondent.**

**No. 4499.**

Court of Appeals of South Carolina.

Heard Jan. 7, 2009.

Decided Feb. 10, 2009.

Rehearing Denied March 24, 2009.

564

James Shadd, III, of Columbia, for Appellant.

E.T. Moore, Jr., of Barnwell, for Respondent.

Ariel Townsend Rosamond, of Orangeburg, Guardian ad Litem.

PER CURIAM:

Peter L. Proctor (Father) appeals from the family court's order finding he willfully failed to support his child and terminating his parental rights. We reverse and remand.

## FACTS

In 2003, Father and Teresa Spires (Mother) had a sexual relationship. The parties ended their sexual relationship but maintained contact, and at some point, Mother told Father she was pregnant. However, Mother spoke to Father in January 2004 and denied being pregnant. On May 14, 2004, Mother gave birth to a child (Child), and at that time, Mother claimed she believed the Child belonged to a man other than Father. After learning of the Child's birth through a third party,

Father repeatedly attempted to contact Mother, but she refused to speak with him. In December of 2004, Father left a Christmas gift for the Child under the Christmas tree at Mother's church. In late 2004 or early 2005, Father went to the church and saw the Child there with Mother's parents. Upon seeing Father, Mother's parents took the Child and left.

Subsequently, Mother married another man she was seeing around the same time as Father, believing this man was the Child's father; however, a paternity test proved he was not the Child's father.[1] In December 2004, Mother filed sexual assault charges against Father alleging the Child resulted from Father forcibly raping Mother. In May 2005, law enforcement contacted Father concerning the sexual assault charges and the allegation of paternity. Father did not contact Mother about the Child because of the alleged sexual assault.[2] On two separate occasions, Mother applied for child support from Father through the South Carolina Department of Social Services; however, she terminated both applications before paternity was established or an order for support was entered.

In April 2006, Father filed suit seeking a determination of paternity and visitation rights with the Child. Father offered to pay child support if Mother allowed him visitation with the Child. Mother counter-claimed seeking termination of Father's parental rights (TPR). Following a temporary hearing on July 17, 2006, the family court appointed a guardian ad litem, required both parties to submit to drug testing, and held in abeyance the issues of child support, visitation, and attorney's fees. Mother tested negative for drugs, but Father tested positive for cocaine. The family court ordered Father to submit to two additional drug tests, both of which came back negative.

This matter was tried on December 11, 2007. The family court found Mother's testimony that Father had sexually

---

1. Father has not taken a paternity test to prove he is the Child's father.

2. In its order, the family court found Father did not willfully fail to visit the Child. The court noted it found credible Father's "testimony that he was reluctant to contact [Mother] directly after he learned he was being investigated for her allegation that he had sexually assaulted her." The court also noted Father would have had to directly contact Mother to arrange any visitation with the Child.

assaulted her was not credible. The family court terminated Father's parental rights, holding Father had willfully failed to support the Child for more than six months and termination was in the Child's best interest. Father filed this expedited appeal.

## LAW/ANALYSIS

■ On appeal, Father argues the family court erred in finding he willfully failed to support the Child. We agree.

■ Although "the grounds for TPR must be proved by clear and convincing evidence," an appellate court may examine the entire record in a TPR case "to determine facts in accordance with its own view of the evidence." *Stinecipher v. Ballington*, 366 S.C. 92, 97, 620 S.E.2d 93, 96 (Ct.App.2005). Despite this broad scope of review, the appellate court should not necessarily disregard the findings of the family court because it was in a better position to evaluate the credibility of the witnesses and to assign weight to their testimony. *Charleston County Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 95, 627 S.E.2d 765, 770 (Ct.App.2006).

■ In South Carolina, procedures for TPR are governed by statute. *See* S.C.Code Ann. §§ 63–7–2510 to –2620 (Supp. 2008). Statutory grounds for TPR include the parent's willful failure to support the child, when:

The child has lived outside the home of either parent for a period of six months, and during that time the parent has wil[l]fully failed to support the child. Failure to support means that the parent has failed to make a material contribution to the child's care. A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means. The court may consider all relevant circumstances in determining whether or not the parent has wil[l]fully failed to support the child, including requests for support by the custodian and the ability of the parent to provide support.

S.C.Code Ann. § 63–7–2570(4) (Supp.2008).

Whether a parent's failure to support a child is "willful" within the meaning of the statute is a question of intent to

be determined in each case from all the facts and circumstances. Conduct of the parent which evinces a settled purpose to forego parental duties may fairly be characterized as "willful" because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent.

*S.C. Dep't of Soc. Servs. v. Seegars*, 367 S.C. 623, 630, 627 S.E.2d 718, 721–22 (2006) (internal citations omitted).

The family court erred in finding clear and convincing evidence proved Father willfully failed to support the Child. The record is devoid of evidence Father's non-payment of any child support prior to July 17, 2006, was willful. Rather, the evidence indicates Father's efforts to inquire into his possible relationship with the Child were thwarted by Mother when she: (1) refused to communicate with Father; (2) refused to admit the Child was Father's until he filed this suit; (3) prevented Father from contacting her by accusing him of criminal sexual conduct; and (4) withdrew both applications for child support before paternity could be determined or a support order established. Father was not obligated to pay child support after July 17, 2006, because the family court's order of that date held the issue of child support in abeyance. In addition, no prior support order existed. The family court's order following trial terminated Father's parental rights as well as his parental responsibilities. Consequently, the family court erred in finding Father willfully failed to support the Child and in terminating Father's parental rights.[3]

## CONCLUSION

Therefore, we reverse and remand this case to the family court to make a determination on visitation, child support, attorney's fees, and guardian ad litem's fees.

**REVERSED AND REMANDED.**

HEARN, C.J., and SHORT and KONDUROS, JJ., concur.

---

3. Due to our disposition of Father's first issue, we need not address the issue of whether TPR was in the Child's best interest. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).