THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Stacey E., Appellant,
 
 
 
 
 

v.

 
 
 
 
 Richard E., Respondent.
 
 
 
 
 

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

Unpublished Opinion No. 2010-UP-273
Submitted May 3, 2010  Filed May 19, 2010

AFFIRMED IN PART, MODIFIED IN PART, REVERSED
 IN PART, AND REMANDED

 
 
 
 Mark John Devine, of Aiken, for Appellant.
 Cynthia Bailey Berry, of Orangeburg, for
 Respondent.
 Jacqueline F. Busbee, of Wagner, for
 Guardian Ad Litem.
 
 
 

PER CURIAM: Following
 Stacey E.'s (Mother's) divorce from Richard E. (Father), Mother filed a
 termination of parental rights (TPR) action against Father alleging he (1)
 failed to visit D.E. (Child) and (2) failed to support Child.  Following a
 hearing, the family court issued an order refusing Mother's request to
 terminate Father's parental rights, which Mother now appeals.  Mother also asserts
 the family court erred in instructing the guardian ad litem (GAL) to establish
 a visitation schedule.  We affirm in part, reverse in part, and remand.[1]     
1.  We affirm the family
 court's finding Father did not willfully fail to support Child pursuant to
 section 63-7-2570(4) of the South Carolina Code (2010).  See S.C.
 Dep't of Soc. Servs. v. Seegars, 367 S.C. 623, 630, 627 S.E.2d 718, 721
 (2006) (explaining that whether a parent's failure to support a child is
 "willful" within the meaning of the statute is a question of intent
 to be determined in each case
 from all the facts and circumstances); Id. at 630, 627 S.E.2d at 721-22
 (explaining conduct of a parent that "evinces a settled purpose to forego
 parental duties may fairly be characterized as willful because it manifests a
 conscious indifference to the rights of the child to receive support and
 consortium from the parent").
2.  We affirm the family
 court's finding Father did not willfully fail to visit Child pursuant to
 section 63-7-2570(3) because evidence established Father attempted to visit
 Child.  See § 63-7-2570(3) ("The child has lived outside the home
 of either parent for a period of six months, and during that time the parent
 has wil[l]fully failed to visit the child.  The court may attach little or no
 weight to incidental visitations, but it must be shown that the parent was not
 prevented from visiting by the party having custody or by court order.  The
 distance of the child's placement from the parent's home must be taken into
 consideration when determining the ability to visit.").[2]
3.  We reverse the portion of
 the family court's order instructing the GAL to develop a visitation schedule,
 and we remand this issue to the family court for it to establish visitation.  See Stefan v. Stefan, 320 S.C. 419, 422, 465 S.E.2d 734, 736 (Ct. App.
 1995) (holding the family court, not the GAL, is charged with the authority and
 responsibility for protecting the interest of minors involved in litigation); Id. (explaining the family court is responsible for establishing visitation and it
 should not delegate that responsibility to the GAL).
4.  We modify the family
 court's order regarding child support.  The family court's order required
 Father to pay $60.00 in weekly child support; however, the child support
 calculation sheet indicates Father is required to pay $60.90 in weekly child
 support.  Accordingly, we find the order should reflect Father is required to
 pay $60.90 in weekly child support.  See Mr. T v. Ms. T, 
 378 S.C. 127, 132, 662 S.E.2d 413, 416 (Ct. App. 2008) ("[W]here the interests of
 minors or incompetents are involved, [p]rocedural rules
 are subservient to the court's duty to zealously guard
 the rights of minors.  Where the rights and best interests of a minor child are concerned, the court may appropriately raise, ex mero motu, issues not raised
 by the parties.") (internal quotation marks omitted).
AFFIRMED IN PART, MODIFIED
 IN PART, REVERSED IN PART, AND REMANDED. 
KONDUROS, GEATHERS, and
 LOCKEMY, JJ., concur.

[1] We decide this case
 without oral argument pursuant to Rule 215, SCACR.
[2] Due to our disposition of Mother's first two issues
 on appeal, we need not address the issue of whether TPR was in Child's best
 interest. See Futch v. McAllister Towing of Georgetown, Inc., 335
 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining this court need not
 review remaining issues on appeal when its determination of a prior issue is
 dispositive); see also Proctor v. Spires, 381 S.C. 563, 567 n.3,
 673 S.E.2d 841, 843 n.3 (Ct. App. 2009) (finding this court need not
 address whether TPR was in a child's best interest when no statutory ground for
 TPR existed).